HENRY POLK v. STATE.

No. 2134.    Decided January 8, 1913.

**1.—Gaming—Keeping Gambling House—Indictment.**

Where, upon trial of keeping and being interested in keeping certain premises for the purpose of being used as a place for gambling, the indictment charged an offense under the laws of the State, the same was sufficient.

**2.—Same—Severance—Different Courts.**

Where the indictment of defendant's codefendant was pending in a different court, there was no error in overruling a motion for severance. Following Price v. State, recently decided.

**3.—Same—Practice—Names of Witnesses.**

Where defendant complained that the names of the witnesses did not appear on the indictment, but defendant was furnished with said names before he announced, there was no error.

**4.—Same—Evidence—Oral Testimony—Officer of Club.**

Upon trial of keeping a gambling house, there was no error in admitting oral testimony that defendant was the president of the club that had control of the alleged house.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of keeping a gambling house, the evidence sustained the conviction, there was no error.

**6.—Same—Charge of Court.**

Where the criticisms to the court's charge were hypercritical and too general, they need not be considered, and there was no error in the refusal of requested charges which were not applicable to the facts.

Appeal from the Criminal District Court of Dallas No. 2. Tried below before the Hon. Barry Miller.

Appeal from a conviction of keeping a gambling house; penalty, two years imprisonment in the penitentiary.

Omitting formal parts of the indictment, the same alleged ''did then and there unlawfully keep and was interested in keeping certain premises and a certain building and a certain room and a certain place there situate for the purpose of being used as a place to bet and wager and gamble with dice and cards, and a .place to which people then and there resorted to gamble, bet and wager in this, he, the said Henry Polk, did then and there unlawfully keep and was interested in keeping said premises, buildings, room and place there situate for the purpose of being used as a place to bet and wager upon and at games played with dice and cards and as a place to which people then and there resorted to gamble, bet and wager at or upon games played with dice and cards, and people did then and there resort to said premises building, room, and place to bet, wager, and gamble at upon games played with dice and cards and people did then at and in said premises, building, room and place, bet and wager and gamble at and upon games there played with dice and cards, against the peace and dignity of the State.''

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted under the first count of the indictment, wherein he was charged with keeping and being interested in keeping certain premises for the purpose of being used as a place to bet and wager and gamble with cards and dice—a gambling house. This count charged an offense under the laws of this State, and the court did not err in overruling the motion to quash.

The case against this defendant was pending in District Court No. 2 of Dallas County. Appellant filed a request that one Warren Diamond be first placed on trial, representing that his testimony was material to his defense. As the indictment against Diamond was pending in a different court, the judge did not err in overruling the application. (Price v. State, decided at this term, and authorities there cited.)

The appellant complains that the court erred in not postponing the case that he might prepare his defense, as the county attorney had not endorsed on the indictment the names of all the witnesses. In approving the bill the court states: ''Before the defendant announced ready for trial the State gave to defendant the names of all the witnesses used on the trial.'' Under such circumstances the bill presents no error.

In another bill a number of questions and answers of the witness, Gene Hudson, are incorporated. The objections are numerous, but in the light of the qualification of the court none of them present error. The court states the witness testified he knew appellant was president of the club, in the rooms of which the gambling is shown to have taken place, and that Wells, the secretary, also testified appel-

lant was president of the club. The fact that appellant was president of this club is amply proven by the record, and if some of the questions to this witness might be said to be leading, such fact would not present error under the record in this case. The fact that appellant was president of the club that had control of this house could be proven by those who knew that fact, and there was no error in admitting oral testimony as to such facts.

In this case the evidence would show that a club was organized, and it had its offices and place of business in a certain building; that appellant was president of this club, and that gambling took place in the rooms thereof; that a "take-off" was charged those who gambled, appellant at times collecting this take-off. He is shown to have been present on several occasions while the gambling was going on; in fact, the room seems to have been prepared and kept for that purpose. Appellant's connection therewith is amply proven; in fact he is shown to have been one of the organizers of the club, and its first and only president.

The criticisms of the court's charge are hypercritical, and too general to bring any question before this court for review. The special requested charge should not have been given as it was not applicable to the evidence adduced on this trial.

We have carefully gone over each ground assigned in the motion and none of them present any reversible error.

The judgment is affirmed.

*Affirmed.*