### E. REYNOLDS v. THE STATE.

No. 7029.   Decided October 25, 1922.

Rehearing denied, November, 1922.

1.—Keeping Gambling House—Indictment—Duplicitous Pleading.

Where, upon trial of keeping a gambling house for the purpose of gaming, the indictment was in the form of approved precedent and was not subject to the objection of duplicity there was no reversible error. Following Fridge v. State, 90 Tex. Crim. Rep., 75, 233 S. W. Rep., 979, and other cases.

2.—Same—Continuance—Subsequent application.

Where the residence of the absent witnesses was not set out nor that any process had issued for them or been applied for, or whether it was the first or subsequent application, the same was properly overruled.

3.—Same—Evidence—Opinion of Witness.

Upon trial of keeping a gambling house, there was no error in not permitting the witness to state that the home of the defendant did not look to be a place that was frequently visited for the purpose of gambling, etc., but looked like a private residence, especially as there was no contention that the paraphernalia of gambling house was in evidence at the said place.

4.—Same—Evidence—Opinion of Witness.

Whether this witness or any other thought the house in question to be generally known as a public gambling house or not, was not an issue in the case, and there was no error in sustaining objection thereto, nor that defendant did not hold out his house as a public place for the people to gather and gamble, as the inhibition is against the purpose for which the place is kept.

5.—Same—Evidence—Opinion of Witness.

There was no error in sustaining the objection to the testimony of a defendant's witness to the effect that he did not go to defendant's house as a public place for gambling, as this is not a matter for him to determine.

6.—Same—Sufficiency of the Evidence.

Where, upon trial of keeping a gambling house, the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Hall.   Tried below before the Hon. J. A. Nabers.

Appeal from a conviction of keeping a gambling house for the purpose of gaming.   Penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*T. T. Clark,* for appellant.—On question of indictment: Deisher v. State, 233 S. W. Rep., 978; Ferguson v. State, 189 id., 271; Todd v. State, 229 id., 515.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Hall County of the offense of keeping a gambling house for the purpose of gaming, and his punishment fixed at two years in the penitentiary.

The indictment contained two counts. The trial court submitted only the first count and we forbear discussion of any matters pertaining to the other inasmuch as the action of the court was tantamount to an election. The count submitted is as follows:

"That E. Reynolds on or about the 15th day of December, A. D. 1921, and anterior to the presentment of this indictment, in the County of Hall and State of Texas, did keep and was then and there interested in keeping a building and room there situate for the purpose of being used as a place to bet and wager and to gamble with cards, and as a place where people did then and there resort to gambling, bet and wager upon games played with cards; against the peace and dignity of the State."

The sufficiency of this indictment was attacked by a motion to quash. Comparison of same with the indictment held good by this court in Fridge v. State, 90 Texas Crim. Rep., 75, 233 S. W. Rep., 979, shows that it is substantially the same. That the indictment was not duplicitous see 69 Texas Crim. Rep., 53, Polk v. State, 152 S. W. Rep., 907.

By his first bill of exceptions appellant presents a complaint of of the overruling of his application for continuance. Said application is so fatally defective as not to call for favorable action thereon by the trial court nor for review of its refusal here. The residence of the absent witnesses was not set out, nor that any process had issued for them or been applied for by appellant, nor does it appear whether this is a first or subsequent application, nor is it stated that the witnesses are not absent by the consent or procurement of the appellant.

Bill of exceptions No. 2 complains that while appellant's witness Smith was on the stand appellant, "offered to show by said witness," that the home of appellant did not look to be a place that was frequently visited for the purpose of gambling and a public gambling house, but that it looked like a place used as a private residence. If we comprehend this bill it states that appellant asked Smith if his house looked like a public gambling house or like a private residence, and that the court below declined to allow witness to express his opinion as to its looks. Such opinion was not material. There was no contention that the paraphernalia of a gambling house was in evidence at the said place, nor that same had the appearance of a public gambling house, and the State had admitted that it

was the private residence of appellant. For support of its contention that it was kept as a place for gambling, the State relied upon proof principally that said house was commonly resorted to as a place for gambling.

Bill of exceptions No. 3 is as follows: "While the witness Bill Smith was testifying as a witness on behalf of the defendant, the defendant offered to prove by this witness that the house of defendant was not generally known as a public place for gambling. State objected to the admission of said proposed testimony when offered upon the following grounds, to-wit: That it was leading, immaterial and called for the conclusion of the witness, and the court sustained said objection, and excluded said testimony, to which decision of the court the defendant then excepted and tenders this bill of exceptions." etc.

·Whether this witness or any other thought the house in question to be generally known as a public gambling house or not, was not an issue in the case. We held in Cronin v. State, 30 Texas Crim. App., 278, that it was error to prove the bad reputation of the house as being a place where gambling was carried on. The question objected to and set out in this bill went even beyond that held inadmissible in the Cronin case and sought to elicit the fact that in the opinion of said witness said house was not generally known as a public gaming house. The rejection of this opinion was not error. This reasoning applies also to the refusal of the trial court to allow appellant to state while on the witness stand that he did not "hold his house forth as a public place for people to gather and gamble." The statute denounces the keeping of a house for the purpose of being used as a place to gamble, or where people resort for the purpose of gambling, without regard to whether it be a house for the general use for such purpose of the whole public, or for such use by only a limited number. The inhibition is against the purpose for which the place is kept. The latter gives character to the keeping of the accused, so that if it be shown that said place is kept for use as a place to gamble,—it matters not whether those who met there for that purpose and who used the house for that purpose—be ten or a thousand people. Appellant would be guilty, if he held his house forth as a place where only his friends could meet and gamble, if it be admitted or proved that such was the purpose for which he kept same.

So also with regard to the bill of exceptions taken to the refusal of the testimony of the witness Ballew to the effect that he did not go to appellant's house as a public place for gambling. Whether said witness went as to a public place for gambling or as to a private house for gambling, is not a matter that is for him to determine or to be effected by such testimony. If he and others went to the most private house in the world, in their opinion, and went

there to gamble and the house was kept for the purpose of being used as a place for gambling, his opinion that he approaches said house as a public, or as a private house, would in nowise affect the legal conclusion of the guilt of the keeper of said house under the statute.

. In the instant case the admitted fact was that the house in question was the residence of appellant, but the number of people who testified they had been to said house at various times of the day and night and had there gambled; and the number of other people whom they said they observed at such times gambling at said house; also the testimony of the neighbors as to the character and frequency of visits to.said house by men and cars and the times and hours of their stay and departure as being in the early morning hours and all during the night; also the invitations, by appellant to parties to come up and have a game, followed by gambling, also the fact that during the year preceding the date of this transaction appellant had paid at least two fines for gambling, and that no one knew of any legitimate occupation or source of income had by him;—these and other facts seem to support the verdict of the jury, the effect of which was to establish that notwithstanding the residence at said house, of appellant, he was keeping same as a place for the gathering and resorting to of others for the purpose of gambling.

Finding no error in the record the judgment of the trial court will be affirmed.

*Affirmed.*