EARL FREEMAN v. THE STATE.

No. 13565.   Delivered June 26, 1930.
Reported in 30 S. W. (2d) 330.

The opinion states the case.

*E. M. Robertson* and *J. W. Friberg,* both of Wichita Falls, for appellant.

*Sam B. Spence,* Dist. Atty., and *Geo. W. Anderson,* Asst. Dist. Atty., both of Wichita Falls, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of twelve years.

The evidence is circumstantial but sufficient to support the verdict. Very material and important testimony is that of J. H. Williams, who did not testify in person but whose testimony as given in the examining trial at which the appellant was present, was reproduced. The reception of the evidence was opposed upon the ground that there was no sufficient predicate for the introduction of the reproduced testimony. The sufficiency of the bill of exception is challenged by the State upon the ground that it is in question and answer form. The testimony touching the predicate is in question and answer form and is violative of the statutory rule which forbids the consideration of bills of exception in such form except in instances where it is shown by the certificate of the trial judge that it is necessary that the questions and answers be incorporated in the bill. See McKee v. State, 93 Tex. Cr. R. 217; Smith v. State, 95 Tex. Cr. R. 581; Soderman v. State, 97 Tex. Cr. R. 23; and other precedents cited in Vernon's Tex. C. C. P., Vol. 2, p. 368, under Art. 667. That part of the bill, however, which sets forth the testimony is not in question and answer form, and the objections thereto are likewise set forth in narrative form. In qualifying the bill the court states:

"* * * the witness Williams was shown to have been at his home about 30 miles away, confined to his bed with serious heart trouble which prevented his leaving his room, the attending physician stating that it might prove fatal for him to be brought to court, and that his ailment might be of indefinite duration."

The question presented for review, therefore, is, was the reproduced testimony admissible?

In the case of Collins v. State, 24 Tex. Cr. App. 142, 5 S. W. 848, the statute (Art. 750 C. C. P.) was construed as authorizing the reception in evidence of reproduced testimony upon a predicate in substance such as is relied upon by the State on the present appeal; that is to say, the statute is construed as warranting the reception of such evidence though the disability which prevents the attendance of the witness whose testimony is reproduced is not shown to be permanent but is of uncertain duration. In the course of the opinion, the court truly states that the statute contains no declaration that the infirmity which permits the reproduction of the former testimony be permanent. In the interpretation of the statute, however,

the provision of the Constitution is to be considered. From Art. 1, sec. 10, we quote:

"* * * shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor, except that when the witness resides out of the State and the offense charged is a violation of any of the anti-trust laws of this State, the defendant and the State shall have the right to produce and have the evidence admitted by deposition, under such rules and laws as the Legislature may hereafter provide."

This court, in interpreting the Constitution, has declared that though the witness be beyond the limits of the State, the statute does not authorize the reproduction of his testimony unless it be shown that he is *permanently beyond the limits of the state.* By analogy, apparently, a like interpretation should apply to the language of the statute with reference to *age and bodily infirmity.* In other words, age or bodily infirmity which might delay but not prevent the attendance of the witness, would not be such as to justify the reproduction of his testimony under the provisions of Arts. 749 and 750, C. C. P.

It is to be noted that the subject of the reproduction of the testimony and the circumstances under which it may be permitted, was subsequent to the decision in Collins v. State, supra, and was subject to the most careful scrutiny in the cases of Cline v. State, 36 Tex. Cr. R. 320; Porch v. State, 51 Tex. Cr. R. 7; Hobbs v. State, 53 Tex. Cr. R. 71. A perusal of those cases cannot fail to impress the reader with the conviction that the predicate for the reproduction of the testimony of an absent witness must reveal an impediment to the presence of the witness more cogent than a temporary illness. The reproduction of such testimony is an innovation grafted upon the constitutional provision guaranteeing that the accused shall be confronted with the witnesses and have compulsory process to secure their attendance. The right to have the jury who tries the accused observe the manner and hear the testimony against him is not, except upon the ground of necessity, to be lightly disregarded. The guaranteed right of compulsory process would be seriously impinged if qualified by a ruling dispensing with the presence of the witness because of some transitory impediment. The right of trial by jury and the benefit of counsel is qualified when, from necessity, the presence of the witnesses against him upon his trial is denied one charged with crime. For these reasons and others, the reproduction of the testimony of a witness against the accused under the authority

of Arts. 749 and 750, C. C. P., should be confined to those instances in which the due administration of justice make necessary ·their application, and in instances like the present, where the impediment to the attendance of the witness is merely of a temporary nature, the reproduction of the testimony would not be authorized. We deem it proper to state that the learned trial judge was justified in his ruling by the decision of the case of Collins v. State, supra. That decision, however, has, as indicated above, been the subject of much implied qualifications by more recent cases upon the same subject. Due to the importance of the question which involves the impairment of rights guaranteed by the Constitution, we are constrained to declare that, in the opinion of this court, that part of the decision in the case of Collins v. State, supra, which seems to authorize the reproduction of the testimony of an absent witness upon proof that his attendance is prevented by illness of a temporary nature is unsound and should not be followed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*