EARL FREEMAN v. THE STATE.

No. 14201. Delivered May 20, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*Robertson & Friberg,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, twelve years in the penitentiary.

This case was here on appeal at a former time, the opinion being reported in Freeman v. State, 115 Texas Crim. Rep., 66, 30 S. W. (2d) 330. The facts in this record appear to be substantially the same as on the former appeal, at which time the opinion was expressed that the evidence was sufficient to justify the verdict. The circumstances so closely connected appellant with the burglary, and so strongly supported the theory that he was a principal therein, as to seem to leave very little room for doubt of his guilt.

We think the motion to quash the indictment was correctly overruled. We know of no authority in this state requiring that an indictment charging in terms that the offense was the second offense committed by the accused, should alleze that he had not been pardoned. In our opinion the burden of showing that he had been pardoned in such manner as that the former offense could not be plead or used in order to bring about a heavier penalty, would be one which should be pleaded and proven by the defense.

Appellant contended that he was entitled to have a charge on alibi, and excepted to the court's charge for its failure to so state, and he also presented a special charge, the refusal of which is complained of. In our judgment the trial court did not err in failing or refusing to submit the defense of alibi. Appellant did not take the stand to testify. As supporting any theory of alibi, his only defensive testimony was that of a friend who testified that he saw appellant in Fort Worth some time during the morning after the burglary at Electra on the night preceding. There is nothing in the record to show that Electra is at such distance from Fort Worth as to indicate or lead to any inference that the presence of appellant in the latter city on the morning of the 26th would not be an easy matter, even if he had been implicated in the burglary at Electra the night before.

As we understand this record, the testimony of Mr. Williams was reproduced before the jury by Mr. Anderson from notes made by Mr.

Anderson during the examining trial of appellant, at which time, in the presence of appellant and his counsel, said witness Williams, since deceased, gave testimony in behalf of the state. The testimony of Mr. Williams, while reduced to a written form from notes made by witness Anderson, was not introduced in written form before the jury. The testimony written out from the notes was used by Mr. Anderson to aid him and refresh his recollection as he gave oral testimony. We do not think the bill complaining of the testimony of Mr. Kuntz that the written instrument handed him was a correct statement of the testimony of deceased witness Williams as given at the preliminary hearing, that is, that it contained the substance of his testimony as it was reproduced upon a former trial,—is objectionable. Evidently the state was using Mr. Kuntz to support Mr. Anderson in reference to the correctness of the written statement used by Mr. Anderson to refresh his recollection as he gave oral testimony on this trial, reproducing the former testimony of Mr. Williams at the examining trial.

There are a number of bills of exception complaining of arguments, lengthy excerpts from the arguments by the state both in opening and closing being set up in numerous bills of exception. The matters complained of would be of no general interest and shed no light upon any question pertaining generally to the practice, and to discuss them would unnecessarily lengthen this opinion. Each of the bills of exception thus complaining has been examined, and none of them are believed by us to present any error.

Believing the record to manifest that appellant has had a fair trial, and that no error appears, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant calls attention to his complaint that the jury discussed his failure to testify. The evidence developed on the hearing of the motion for new trial was brought forward by statement of facts and not by bill of exception, and in some way the point was overlooked.

We have examined the evidence taken from the jurors regarding the matter and think the trial judge properly ruled against appellant on the point. It seems that one of the jurors said he wondered why appellant did not testify, and the foreman of the jury remarked that this was a matter they could not consider. The trial court was justified in concluding that it was not considered or discussed, but was barely an allusion to the failure of appellant to testify. See cases collated in note 40, under article 710, Vernon's Tex. C. C. P., vol. 2, among them being Bogan v. State, 78 Texas Crim. Rep., 86, 180 S. W., 247; Cooper v. State, 72

Texas Crim. Rep., 266, 162 S. W., 364; Dyer v. State, 96 Texas Crim. Rep., 301, 257 S. W., 902.

We deem it unnecessary to again discuss the matters which were disposed of in the original opinion.

The motion for rehearing is overruled.

*Overruled.*