JESSEE POLANCO v. THE STATE.

No. 18947. Delivered May 5, 1937.
State's Rehearing Denied June 23, 1937.

The opinion states the case.

*Philip Montalbo,* of Mexico City, Mexico, and *E. B. Simmons,* of San Antonio, for appellant.

*Paul J. Kilday* and *Leroy Jeffers,* Assistant Criminal District Attorneys, both of San Antonio, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

Appellant was convicted of the murder of George Forbes, alleged to have been committed in Bexar County, Texas, on or about May 14, 1936, the transaction arising out of and being connected with the robbery of a public service bus driver in the course of which Forbes was killed. The State introduced in evidence appellant's confession, and other testimony which,

if believed, sufficiently made out a case of murder in the perpetration of robbery.

Bills of exceptions 12 and 13 set out the following: The State was allowed to prove by Gabrielson that in San Antonio, Texas, on the night of April 18, 1936, this appellant, acting with Frank Gallagos and Daniel Acosta, got on the public service bus which witness was operating and robbed him; also the State was allowed to prove by Wolf that on the next night, April 19, 1936, while he was operating a public service bus in San Antonio he was held up and robbed by the same three men. Examining said bills of exceptions we observe that the same qualification is attached by the learned trial judge to each of them, in which, after setting out the testimony at some length, he calls attention to the fact that in his charge to the jury he limited their consideration of the testimony which is complained of to its effect in establishing the identity of appellant as the party who committed the offense on trial, to-wit: the murder of Forbes on May 14, 1936.

There is no question but that the identity of appellant,—as the man who killed Forbes,—was a hotly contested issue, and that by the testimony of Acosta, an accomplice, as well as by the confession of appellant, such identity was strongly supported; nor is there any question of the further fact that by his cross-examination of the State's witnesses, and the production of testimony tending to contradict them as to identity, also by affirmative alibi testimony, and his own testimony given as a witness in the case,—appellant sought to show that he was not present at the murder of Forbes, and that the accomplice Acosta killed Forbes and thereafter tried to avoid the consequences of his crime by trying to lay it on this appellant. There was no controversy over the fact that Forbes was in a public service bus and was killed at a time when the bus was being robbed, and witness Acosta testified positively,—and appellant in his confession admitted,—that appellant was present and participating in the robbery, and fired the fatal shot. As above indicated, appellant as a witness denied his presence and participation in the robbery and shooting of Forbes, and testified to an alibi, and repudiated his confession, claiming same was extorted from him by force, threats and fear of death, and that the facts in said confession were not true.

The record being in this condition, the State was allowed to introduce the testimony complained of in said bills of exceptions. There is no question but that this court has often held admissible testimony of extraneous transactions or of-

fenses, but only when same come fairly within certain exceptions well settled, such as when proof of such extraneous crimes sheds light on the intent of the accused in the case on trial where intent is an issue, or upon his identity, or is part of the res gestae, or tends to connect the accused with the crime involved, or rebuts some defensive theory, or when the case is one on circumstantial evidence. See Branch's Annotated P. C., Sec. 166, and Sumner v. State, No. 18890 (page ____ of this volume), opinion this day handed down. However, it is manifestly wrong to prove against the accused a separate, disconnected crime which does not come within such exceptions, and this has been settled in many cases which are cited in the same section of Mr. Branch's Annotated P. C. above referred to.

The question arises in the instant case: Does testimony that appellant with Gallagos and Acosta robbed a service bus driver on April 18, 1936, fairly serve to identify him as one of the men who robbed and killed Forbes, another service bus driver, on May 14, 1936? None of the other exceptions above referred to appear from the qualification of the court below to have been in his mind save that he thought such testimony tended to identify appellant as the man who killed Forbes; and also that it tended to rebut the defensive theory that the robbery and killing of Forbes was committed by Daniel Acosta and Frank Gallagos, and that they were falsely attempting to lay the onus of such crime upon this appellant.

If the fact that this appellant robbed a service bus driver on the several nights of April 18th and 19th served in any way to identify him as the man who robbed and killed Forbes on the night of May 14, 1936, then this court was wrong in what it said in Long v. State, 39 Texas Crim. Rep., 537; James v. State, 40 Texas Crim. Rep., 195; Hill v. State, 44 Texas Crim. Rep., 603; White v. State, 45 Texas Crim. Rep., 602; Smith v. State, 52 Texas Crim. Rep., 80; Cone v. State, 86 Texas Crim. Rep., 292; Hunt v. State, 89 Texas Crim. Rep., 96, and many other authorities which might be cited. The reasoning in these opinions is so plain that we need not reargue the question or reproduce what is said concerning same.

Nor are we able to agree with the State that proof that appellant robbed a service bus driver on the night of April 18th and also on the night of April 19th tends in any way to rebut the alleged defensive theory advanced upon this trial, viz: that the robbery and murder of George Forbes had been committed by Frank Gallagos and Daniel Acosta, and that they were trying to falsely lay same upon this appellant. So

concluding it necessarily follows that in our opinion the learned trial judge fell into error when he overruled appellant's objection and permitted the State to introduce proof of the robberies committed on the nights of April 18th and 19th. There is no question but that proof of such separate and distinct offenses is harmful to the accused.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE. — Through the District Attorney of Bexar County the State has filed an able motion for rehearing which was presented persuasively by oral argument. It is noted that in our original opinion the very exceptions to the general rule were recognized which are now urged as rendering admissible proof of the extraneous offenses of which complaint was reserved. When proof of other offenses becomes admissible under some well recognized exception to the general rule has given trial and appellate courts much trouble, which is manifest from a rather exhaustive review of the subject in Lawrence v. State, 128 Texas Crim. Rep., 417, 82 S. W. (2d) 647. There many authorities were reviewed. In addition to the cases cited in our original opinion we also call attention to Wells v. State, 118 Texas Crim. Rep., 355, 42 S. W. (2d) 607.

The entire statement of facts, the bills of exception complaining of the proof of other crimes, and the qualifications thereon have again been examined. We remain of opinion that the other crimes were not provable under any of the exceptions permitting such evidence.

The motion for rehearing is overruled.

*Overruled.*