JESSE POLANCO v. THE STATE.

No. 19526.   Delivered May 25, 1938.
Rehearing denied June 22, 1938.

The opinion states the case.

*J. Franklin Spears* and *E. B. Simmons,* both of San Antonio, for appellant.

*John R. Shook,* Criminal District Attorney, *Paul J. Kilday,* First Assistant Criminal District Attorney, and *Leroy Jeffers,* Assistant Criminal District Attorney, all of San Antonio, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

A former appeal is found reported in [133 Texas Crim. Rep. 7] 106 S. W. (2d) 1057.

The testimony adduced upon the present trial is substantially the same as that before the court upon the former appeal.

Appellant did not testify.

In his motion for new trial appellant alleged that the jury were guilty of misconduct, in that they discussed his failure to testify, and, further, discussed the fact that the jury in his first trial had assessed a death penalty.

On the hearing of the motion several jurors testified. Juror Straughan, who was foreman of the jury, testified that on one occasion several of the jurors talking at the same time had made some statement to the effect that appellant had not testified; that he immediately informed the jurors that the failure of the appellant to testify should not be discussed; that after he had rebuked the jurors no further mention of the matter was made. Nine jurors testified that there was no reference to nor discussion of the failure of appellant to testify at any time during the deliberation of the jury.

In Patton v. State, 106 S. W. (2d) 319, it is shown that failure of the accused to testify was mentioned by two jurors and that they were promptly rebuked. In reaching the conclusion that the motion for new trial was properly overruled, we used language as follows:

"Under the circumstances, we are of opinion that the trial judge did not abuse his discretion in overruling the motion for a new trial. We quote from Mullins v. State, 124 Texas Crim.

Rep. 368, 61 S. W. (2d) 829, 831, as follows: 'It is also well settled that when such conduct is made an issue before the trial court, his determination of same will be upheld by us except there appear an abuse of his discretion. In such case the jurors are before the trial court, who is in a great deal better position than we are to pass on their testimony in case of conflict. We have here three jurors, two for the State and one for the defense, who affirm the fact of only one mention of the failure of appellant to testify, and that of a casual nature, and that such mention was promptly rebuked. We have, on the other hand, two jurors affirming that such failure was mentioned two or three times, one of these declaring that at each mention of the matter some one would object to the consideration of same. We are of opinion that the record discloses no abuse of the discretion of the trial court in this regard.''

At all events, the qualification appended to the bill of exception relating to the matter under consideration is to the effect that nine jurors testified that the failure of the appellant. to testify was not discussed nor referred to during the deliberation of the jury. Under the circumstances, the trial court was warranted in concluding that the alleged misconduct did not occur.

Juror Taylor testified upon the hearing of the motion for new trial that he heard Juror James state prior to the completion of the jury, and when two or three jurors had been selected, that appellant had received a death penalty at a former trial. James testified that he made a statement to the effect that he had heard that appellant had received a death penalty. Juror Phansteil testified that he heard James make such statement. All three of these jurors testified that after the deputy sheriff had told them not to discuss the case no further discussion took place until the jury retired to deliberate. All testified that only on the occasion prior to the completion of the jury was any reference made to the penalty on a previous trial. Six jurors testified that they heard no reference to nor discussion of the fact that appellant had received the death penalty on his previous trial. The foreman of the jury testified that he heard no such reference made during the deliberation of the jury. It is obvious that the trial judge was warranted in concluding from the evidence that there was no reference to nor discussion of the appellant's former conviction and the penalty assessed during· the deliberation of the jury, and that the matter was only referred to by one juror to two others before the completion of the jury. Further, it appears that this was a casual reference

and was not followed by discussion. We quote from Smith v. State, 106 S. W. 1161, as follows:

"We think the true rule is that where, as in this case, the testimony supports the verdict, and the charge of the court properly submits the case to the jury, that a verdict ought not to be set aside for every incidental and casual mention of a former trial or a former conviction, and that in no case should it be set aside in a case tried according to law where the conviction is supported by the testimony, unless the court may fairly and reasonably see in the light of all the circumstances that such reference and discussion did or might have prejudiced the appellant's case. It is possible that there is some language in some of the decisions not wholly in accord with the views here expressed, but, on full consideration, this is believed to be the correct rule, and tested by this rule we believe appellant is without just ground of complaint."

See, also, Scrivnor v. State, 50 S. W. (2d) 329; Arnwine v. State, 114 S. W. 796; Moore v. State, 107 S. W. 540; Salazar v. State, 116 S. W. 819; Burge v. State, 167 S. W. 63. In Salazar v. State, supra, two jurors testified that there was a reference to or mention of the former conviction of the appellant. Six jurors testified they did not hear any such reference. The foreman testified that he heard the reference and instructed the jury that they must not discuss or consider the former conviction. No further mention of it was made. In concluding that error was not reflected, this Court, speaking through Judge DAVIDSON, used language as follows: "Without entering into a discussion of this question, we will observe that under the recent cases of Smith v. State, 52 Texas Crim. Rep. 344, 106 S. W. 1161, and Arnwine v. State, 114 S. W. 796, there is no error manifested of such importance as to reverse the judgment." In view of the fact that the testimony shows a mere casual allusion by one juror to two other jurors prior to the completion of the jury to the penalty assessed in the former trial, we are of opinion that the decisions to which we have referred sustain the action of the trial judge in overruling the motion for new trial.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have again examined the bill of exception relating to complaint that the jury discussed the failure of appellant to testify. Nine jurors testified that no reference to or discussion of such fact occurred. If we construe their evidence to mean only that they heard no such reference it would leave only three jurors who might have heard it. The evidence of the foreman was to the effect that some one mentioned it and he immediately stopped any further talk about it. It seems plain that any such reference was casual only. See Freeman v. State, 118 Texas Crim. Rep. 67, 39 S. W. (2d) 895, and cases cited in opinion on rehearing.

The other complaint is that the jury referred to the fact that appellant upon a prior trial had received the death penalty. There is not the semblance of support to the suggestion that such fact was referred to or discussed by the jury after receiving the case for deliberation. While the jury was being selected and after three or four jurors had been chosen and sworn, one of them said he had heard that appellant had been tried before and given the death penalty. It does not appear that the matter was discussed among the three or four jurors who had already been selected. During the trial it was made known to the jury by questions to witnesses that there had been a prior trial. No questions were asked of prospective jurors to ascertain whether they knew of the former trial, or the result thereof. The first ballot of the jury was unanimous as to appellant's guilt. On the first ballot as to penalty eleven voted for death and one for life imprisonment. It seems clear that the death penalty was inflicted because of the facts and not by reason of the incident that one juror told two or three others what he had heard about the result of a former trial. The facts warranted the punishment assessed. We have frequently approved the principle announced in the quotation from Smith v. State, 52 Texas Crim. Rep. 344, 106 S. W. 1161, which is copied in our original opinion. In addition to the cases noted in said opinion we refer to the more recent cases of Heidengsfelder v. State, 128 Texas Crim. Rep. 351, 81 S. W. (2d) 510; Lilly v. State, 130 Texas Crim. Rep. 600, 95 S. W. (2d) 701; Graham v. State, 123 Texas Crim. Rep. 121, 57 S. W. (2d) 850.

Being unable to see that either of the incidents complained of could under the facts have possibly prejudiced appellant's case, the motion for rehearing is overruled.