## D. H. HART v. THE STATE.

No. 20860.  Delivered February 28, 1940.
Rehearing Denied April 17, 1940.

The opinion states the case.

*E. T. Miller* and *Cleo C. Clayton,* both of Amarillo, and *Jos. H. Aynesworth* and *H. M. Hood,* both of Borger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an assault with intent to rape; the punishment assessed is confinement in the State penitentiary for a term of four years.

The indictment, which contained two counts, charged rape and assault with intent to rape. Both counts were submitted to the jury and they returned a verdict finding appellant guilty of an assault with intent to rape. The prosecutrix, as disclosed by the record, was a married woman. She had come to Borger in Hutchinson County to visit her brother. While there, she went with some relatives and children, one of which was her own, to a night club located a very short distance from Borger. There she was invited to come inside and dance. She met the appellant at the dance and they danced for about an hour and a half, leaving about one-thirty in the morning. Accompanied by appellant and another young couple, the prosecutrix went into Borger to a restaurant to get some coffee. Then they took the other couple home, but instead of taking her back to the night club, appellant took her out on a lonely road where he assaulted her. We quote from her testimony concerning the occurrence. "He turned off to the side of the road and went down there. * * Then he tried to kiss me and I wouldn't let him. * * He started fighting me then and I started fighting back and he throwed me down in the seat a number of times, and threw me back against the car door and struck my head, and I kept fighting him, and he throwed me up against the steering wheel several times and I tried to reason with him. * * He then drug me out of the car and tore my clothes off and drug me over the ground * * * and began beating me again, beat me in my sides and my stomach and I lost consciousness. ** I resisted his advances with all the strength and power at my command. * * After I lost consciousness, when I came to again, the condition and position that I found myself in was that I had on my shoes and my hose and that was all I had on, and I was lying across the seat of the car; half of my body was in and the other half of my body was out. The defendant was fixing his pants, arranging his clothes."

After this, appellant took her back to the night club. She made her escape and caught a ride back to town, where she

immediately made a report of the matter to her brother. A physician who made an examination of the prosecutrix described her bruised and battered condition and testified that in his opinion her privates had been penetrated. Appellant did not testify or offer any affirmative defense. In our opinion the evidence is clearly sufficient to support his conviction for assault with intent to rape.

All of appellant's exceptions to the court's charge, as well as his special requested charges relating to the offense of rape, pass out of the case since he was only convicted of an assault with intent to rape. His complaint that no charge on aggravated assault was given is without merit. The facts did not raise such an issue. He did not testify. The uncontradicted testimony of the prosecutrix clearly showed that his intention was to then and there have sexual intercouse with her regardless of any and all resistance on her part. Under these circumstances we do not think the issue of aggravated assault was raised. A similar question as the one here presented was discussed in the case of Rettig v. State, 90 Tex. Crim. Rep., 142, 233 S. W., 839. This also disposes of appellant's contention that the charge should have instructed the jury on the theory of indecent exposure of his person. We have carefully considered all of the other objections levelled at the court's charge, and reached the conclusion that it is not subject to the criticisms addressed thereto.

Appellant insists that the trial court erred in overruling his application for a continuance based on the absence of one, Roland Smith. The indictment in the case seems to have been returned on June 6, 1939. Appellant's attorneys were told that June 26, July 10, and July 17 would be set aside for the trial of criminal cases. It further appears that appellant had been informed on June 30 to be ready for trial on July 10. The first application for a subpoena for this witness seems to have been made on July 5, at which time his name was listed among those of other witnesses which the defendant desired to have called. The residence of said witness was not given; it merely being alleged that he was a resident of Borger in Hutchinson County, Texas, and stating in general terms that he was an employee of some oil company. No subsequent application for any other process seems to have been made. Appellant failed to attach an affidavit by the alleged absent witness to his motion showing what the testimony of said witness would have been. He merely alleged that the witness was temporarily out of the city, and was now out of the State. The fact that appellant

waited nearly 30 days after his indictment until 5 days before his trial to apply for process for such witnesses as he desired tends to show that the defendant did not use that degree of diligence which the law requires. Authorities somewhat analagous are Boaz v. State, 89 Tex. Crim. Rep., 515, 231 S. W., 790; Estep v. State, 107 Tex. Crim. Rep., 538, 298 S. W., 283; Payton v. State, 35 Tex. Crim. Rep., 508; Griffith v. State, 62 Tex. Crim. Rep., 642; Howell v. State, 95 Tex. Crim. Rep., 583; Johnson v. State, 216 S. W., 193; 9 Tex. Juris. Secs. 99-103, p. 781-794, Sec. 105, p. 795; Barton v. State, 23 S. W. (2d), 377; Reynolds v. State, 92 Tex. Crim. Rep., 481, 244 S. W., 1001.

Appellant also complains of misconduct of the jury in discussing his failure to testify. Appellant contended on the hearing of his motion for a new trial that some juror made the following remark in the jury room: "It is a hell of a guy who won't testify in his own case."

Eleven of the jurors were introduced. Not one of this number unequivocally admitted that such a statement was made. Seven of them testified that they heard no remark at all concerning the defendant's failure to testify. Three of the jurors testified that someone made the following remark: "Wonder why he didn't testify," but that the foreman immediately admonished the jury that this was a matter which they could not consider. The other juror stated that if such a remark as "It's a hell of a guy who won't testify in his own case" was in fact made, the foreman immediately called him down. He would not state positively that any such remark was made. Not one of the jurors testified that they discussed the matter. An analysis of all the evidence heard on the motion shows that while probably some one remarked "Wonder why he didn't testify" the matter ended there, and no further reference to the matter was made. In other words, the reference to the defendant's failure to testify was at most a casual one, and no discussion thereof was had. This court has held many times that in such cases, no reversible error is presented. The trial court was justified in his conclusion that no discussion was had by the jury of the defendant's failure to testify, and that any reference made of such failure amounted at the most to an allusion. See the case of Freeman v. State, 39 S. W. (2d), 895, (896) where the authorities are collated; Patton v. State, 106 S. W. (2d), 319; Polanco v. State, 117 S. W. (2d), 792.

All of appellant's bills of exceptions can be treated together as they complain of certain testimony of Mr. Whitehead, the brother of the prosecutrix. After having testified to her hysteri-

cal condition upon her arrival at his home, Mr. Whitehead was asked by the District Attorney about how long it took to get his sister calmed down, to which he replied that it took about 15 minutes before the prosecutrix could go to the police station. Appellant claims that he objected thereto on the ground that such questioning was highly prejudicial; that trying to calm the prosecutrix down was an independent act on the part of the witness—not the act of the prosecutrix and not a part of the res gestae. The court qualifies the bill and states that the only objection urged to this testimony was that such questioning was improper. Two other bills show that while the same witness was being examined, the district attorney asked him the following question: "Did she or not tell you that she had been raped?" The witness replied: "She told me that she had been half-killed by a beast and she had been raped." One of these bills shows that appellant made no objection to such questioning. In the other bill, it is shown that appellant objected on the ground that such questioning was prejudicial, irrelevant, not part of the res gestae, and did not tend to prove any issue in the case. We think that under the facts of this case, such testimony was admissible as a part of the res gestae. Just as soon as the prosecutrix escaped from the appellant, she caught a ride with a Mr. Coons who testified to her hysterical condition and torn clothing. She was carried almost immediately to her brother's home. When she arrived there she was highly excited and hysterical. It took her brother some fifteen minutes to get her sufficiently calm to tell him what had happened and report the matter to the police. It is always relevant in rape cases to show an outcry on the part of the assaulted female, her state of mind, her physical condition, and the condition of her wearing apparel soon after the alleged offense, as it tends to sustain her version of the assault, the intent with which it was made, and tends to exclude the idea of consent. See Reid v. State, 105 Tex. Crim. Rep., 147; 287 S. W., 269; Lights v. State, 17 S. W., 428; Sentell v. State, 34 Tex. Crim. Rep., 260; Ulmer v. State, 160 S. W., 1188; Hickman v. State, 137 Tex. Crim. Rep., 616; Burge v. State, 167 S. W., 63, 73 Tex. Crim. Rep. 505; Garcia v. State, 79 S. W. (2d), 133; Castillo v. State, 19 S. W., 892. Moreover the testimony of the doctor who later examined her on the same night, and that of Mr. Coons was introduced without objection and is to the same effect. See Gurganus v. State, 134 Tex. Crim. Rep., 34, 113 S. W. (2d), 1237; Sparkman v. State, 82 S. W. (2d), 972.

All other matters complained of by appellant have been examined by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

Appellant reiterates his contention that the jury in their retirement discussed his failure to testify to the extent that the mandatory provisions of Article 710, C. C. P., were violated After carefully re-examining the record, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.