RAY ROBERTS V. THE STATE.

No. 21482. Delivered March 5, 1941.

The opinion states the case.

*Tom M. Miller* and *Jimmie Cunningham*, both of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the possession of whisky in a dry area. The punishment assessed is confinement in the county jail for ninety days.

Appellant's first complaint is that the trial court erred in overruling his application for a continuance based on the absence of W. R. Roberts, by whom he expected to prove and would have proved, if present, that the whisky found by the officers belonged to the witness and not to the defendant; that defendant did not know that the whisky had been placed there by W. R. Roberts. The record shows that the complaint was filed on August 10, 1940, charging appellant with the offense of possessing whisky in a dry area. He was arrested on the same day and made bond for his appearance in the County Court of

Young County to answer to said charge. He was not tried until the 17th day of October, 1940, at which time he made his application for a continuance by reason of the absence of said witness. At no time from the date of his arrest until the time of his trial had he ever applied for a subpoena for said witness, but relied wholly upon the promise of the witness to be in attendance of court whenever this case was called for trial. Appellant knew about two weeks prior to the date of the trial that the witness was leaving the county to go to Snyder, Texas, and from there to Nueces County, where he expected to make his home, yet he failed to obtain process for the witness. In our opinion, the defendant has failed to exercise such diligence as would have entitled him to a continuance. See Hart v. State, 138 S. W. (2d) 818, and cases there cited. We, therefore, overrule appellant's contention.

By Bill of Exception No. 2, complaint is made of the testimony of the sheriff and his deputy as to what they found on appellant's premises as a result of a search thereof without a search warrant. This bill cannot be properly appraised in the absence of a statement of facts. In 1939 Sup. to 4 Tex. Jur., p. 234, sec. 167, the rule is thus stated:

"Bills of exception or objections requiring a consideration of the facts or evidence will not be appraised or considered in absence of statement of facts."

Under note 10 of the text quoted many cases are cited in support of the principle announced.

There is a statement of facts accompanying the record, but it is in question and answer form and cannot be considered by us. Article 760, C. C. P., (as amended by Acts 1931, 42nd Leg., 1st C. S., p. 75, ch. 34, sec. 7), reads as follows:

"Where the defendant in a criminal case appeals, he is entitled to a statement of facts certified by the trial judge and sent up with the record; provided that said statement of facts shall be in narrative form."

In the absence of a statement of facts, we cannot say that the appellant did not himself take the witness-stand and testify that he had the whisky. Under such circumstances, the officers' testimony, if admissible, would be harmless error.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.