**Harvey Herman HACKBARTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61085.**

Court of Criminal Appeals of Texas, Panel No. 2.

July 1, 1981.

Clyde Williams, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Kay Burkhalter, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal was taken from a conviction for attempted rape. After finding appellant guilty, the jury assessed punishment, enhanced by a prior conviction, at 15 years.

In his sixth ground of error, appellant challenges the sufficiency of the evidence to support his conviction. He maintains the State produced evidence showing nothing more than mere preparation to commit the offense of rape.

The complainant testified that on January 25, 1977, she was in the laundromat of the apartment complex in which she lived in Houston. She related that appellant entered the laundromat, grabbed her and started "ripping at" the shirt she was wearing. Appellant told the complainant "I want you to take your clothes off. I want to see what you look like." The complainant then began to struggle with appellant and noticed that his "partially erect" penis was sticking out of his unzipped pants. At one point, appellant attempted to "undo" the complainant's pants. The struggle continued as the complainant moved out the door of the laundromat and into the parking lot of the complex. The complainant related that appellant had his hand over her mouth. After she bit his finger, appellant released the complainant and he drove away in a car.

Appellant denied commission of the offense. He testified that at the time in question, he was either at home or at work.

Appellant urges that absent evidence of "attempted penetration or some attempted act of deviate sexual intercourse," the evidence is insufficient to prove the offense of attempted rape. In *Cody v. State*, 605 S.W.2d 271, 273 (Tex.Cr.App.), this Court stated that the attempt statute does not require that every act short of actual commission be accomplished in order for one to be convicted of an attempted offense.

In the instant case, appellant grabbed the complainant, attempted to remove her clothing and exposed his penis. These acts tended, but failed, to effect the commission of the offense intended. The fact that appellant could have taken further actions, without actually committing the offense of rape, does not act so as to render his actions nothing more than mere preparation. We find the evidence sufficient to support appellant's conviction.

■ In his fifth ground of error, appellant contends the court erred in overruling his four objections to the charge given the jury at the conclusion of the guilt or innocence phase. The first such objection was directed at the court's refusal to charge the jury on the affirmative offense of renunciation.

As stated above, appellant testified and denied commission of the offense. The complainant testified that appellant left the scene after the struggle moved to the parking lot and she bit his finger.

Renunciation is an affirmative defense to a prosecution for an attempted offense. V.T.C.A. Penal Code, Sec. 15.04. The issue of the existence of an affirmative defense need not be submitted to the jury unless there is evidence admitted which supports the defense. V.T.C.A. Penal Code, Sec. 2.04(c). An essential part of such renunciation is that it must be voluntary and it must either avoid commission or prevent commission of the offense. With regard to the voluntary nature of the renunciation, Sec. 15.04(c)(1) provides:

"(c) Renunciation is not voluntary if it is motivated in whole or in part:

"(1) by circumstances not present or apparent at the inception of the actor's course of conduct that increase the probability of detection or apprehension or that make more difficult the accomplishment of the objective;"

In the instant cause, there was no evidence which would have supported the affirmative defense of renunciation. Appellant's actions in leaving the apartment complex did not tend to avoid or prevent commission of the offense. Further, there is no evidence of a voluntary renunciation. No error is shown in the court refusing to charge on the affirmative defense of renunciation.

■ Appellant next urges the court erred in overruling his objections which requested submission of charges on the lesser offenses of indecent exposure and assault. He maintains such charges would have been appropriate because the lesser offenses were "presented by State's facts" in proving the attempted rape.

In *Hart v. State*, 139 Tex.Cr.R. 101, 138 S.W.2d 818, the defendant was convicted of assault with intent to rape. On appeal, he contended the court erred in refusing to submit his requested jury charges on aggravated assault and indecent exposure. The contention was rejected and the court stated:

"... His complaint that no charge on aggravated assault was given is without merit. The facts did not raise such an issue. He did not testify. The uncontradicted testimony of the prosecutrix clearly showed that his intention was to then and there have sexual intercourse with her regardless of any and all resistance on her part. Under these circumstances we do not think the issue of aggravated assault was raised. A similar question as the one here presented was discussed in the case of *Rettig v. State*, 90 Tex.Cr.R. 142, 233 S.W. 839. This also disposes of appellant's contention that the charge should have instructed the jury on the theory of indecent exposure of his person...." Id. 138 S.W.2d at 819.

See *Scott v. State*, 434 S.W.2d 678 (Tex.Cr. App.); *Bethune v. State*, 363 S.W.2d 462 (Tex.Cr.App.); *Keeton v. State*, 149 Tex.Cr. App. 27, 190 S.W.2d 820.

In the instant case, the State's evidence shows the offense of attempted rape. Appellant denied commission of the offense and consequently presented no evidence of an assault or indecent exposure. No error is shown in the court refusing to charge the jury on the lesser offenses as requested by appellant.

■ The record reflects that appellant's fourth objection to the charge was as follows:

"Fourth. That the defendant objects and excepts to the Court's charge as a whole as the same is not sufficient to protect the rights of the defendant."

We find that the objection voiced by appellant is not specific enough to apprise the court of the nature of his complaint with regard to the charge and thus presents nothing for review. *Bilbrey v. State*, 594 S.W.2d 754 (Tex.Cr.App.). Appellant's fifth ground of error is overruled.

■ In his seventh ground of error, appellant contends the court erred in admitting the complainant's shirt into evidence. He maintains the shirt was inadmissible because the State did not establish the proper chain of custody.

The shirt in question was worn by the complainant at the time of the offense. She had been given the shirt by her brother and it had been in her possession from the time of the offense until trial. The buttons on the shirt had been torn off during the offense.

In *Hammett v. State*, 578 S.W.2d 699 (Tex.Cr.App.), this Court stated that if an offered item of evidence is of such a nature as not to be readily identifiable, or to be susceptible to alteration by tampering or contamination, sound exercise of the court's discretion may require a more elaborate foundation for admission than an item which is readily identifiable. The shirt in question was an item readily identifiable by the complainant. No error is shown in the court overruling appellant's objection to the admissibility of the shirt.

■ In his first ground of error, appellant contends the indictment under which he was prosecuted is fundamentally defective. He maintains the indictment is defective because it "omits any mention of what offense tended to be effected."

The indictment in this cause alleges in pertinent part that on January 25, 1977, appellant did:

"intentionally and knowingly and by the use of force upon M___ B___, a female not his wife and hereafter styled the Complainant, attempt to have sexual intercourse with the Complainant, without her consent by grabbing the Complainant from behind; attempting to tear her shirt off; telling the Complainant to take off her clothing and exposing his penis to the Complainant, *having at the time the specific intent to commit rape, and said attempt by the Defendant amounted to more than mere preparation that tends but fails to effect the commission of the offense intended.*" (Emphasis added).

The criminal attempt statute, V.T.C.A. Penal Code, Sec. 15.01(a), provides as follows:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

The indictment alleges an attempt to have sexual intercourse with the specific intent to commit rape and that such attempt tended to effect the commission of the offense intended. We find that the indictment sufficiently alleges that the intended offense was rape. Appellant's contention that the indictment is fundamentally defective is without merit.

■ In his eighth ground of error, appellant contends the court erred in failing to conduct a hearing in order to determine his competency to stand trial. He maintains that such a hearing was required based upon the following events: the docket sheet reflects that the cause had at one time been set for a competency hearing, the State filed a motion in limine which referred to appellant's "mental hospitalization" and a

note from the jury's foreman inquired as to the possibility of psychiatric treatment during confinement.

This Court has held that a trial court is relieved of any responsibility to hold a pretrial competency hearing when the defendant announces ready and enters a plea without any suggestion of incompetency. *Morales v. State*, 587 S.W.2d 418 (Tex.Cr.App.); *Thomas v. State*, 562 S.W.2d 240 (Tex.Cr.App.). Further, a trial court is only required to sua sponte hold a competency hearing when sufficient facts or circumstances are brought to the court's attention that constitute evidence to support a finding of incompetency. *Thompson v. State*, 612 S.W.2d 925 (Tex.Cr.App.); *Bonner v. State*, 520 S.W.2d 901 (Tex.Cr.App.).

In the instant case, the record does not contain a motion for a pretrial competency hearing. Appellant entered his plea of "not guilty" without any suggestion of incompetency to the court. Finally, we are not directed to any evidence presented at trial which would have been sufficient to require the court, sua sponte, to hold a competency hearing. No error is shown in the court failing to hold a competency hearing.

▪ In his fourth ground of error, appellant contends the court erred in overruling his objection to questions which were asked of him in cross-examination. He maintains that the questions, concerning a prior conviction, were improper as being repetitive.

This ground of error centers upon the following exchange between the prosecutor and appellant:

"Q. (By Ms. Burkhalter) Mr. Hackbarth, have you ever been convicted of a felony or a misdemeanor of moral turpitude?

"A. What do you mean moral turpitude?

"Q. A crime of moral turpitude would be a crime such as theft or sexual abuse or assault on a woman.

"A. The only thing I've been charged with burglary, tried with burglary with intent to commit theft.

"Q. Were you convicted of burglary?

"A. Yes, I was.

"Q. All right, sir. Have you ever been convicted, then? Would you refresh your memory? Of any felony or any misdemeanor of moral turpitude within the last ten years?

"...

"Q. (By Ms. Burkhalter) Have you ever been convicted of a felony or misdemeanor of moral turpitude within the last ten years?

"A. What do you mean by convicted of a misdemeanor?

"Q. Let me ask the question this way: Aren't you one and the same person who in 1973 was convicted of the offense of burglary with intent to commit theft in Cause 180,005 here in Harris County, Texas?

"A. Yes, I was.

"Q. You were convicted?

"A. Yes, I was.

"Q. You are a burglar; is that correct?

"A. Yes, I was."

It was permissible for the prosecutor to impeach appellant with evidence of a prior burglary conviction. *Davis v. State*, 545 S.W.2d 147 (Tex.Cr.App.). The matter of remoteness of the conviction was properly includable in the question. *Penix v. State*, 488 S.W.2d 86 (Tex.Cr.App.). In view of necessary explanation of the questions as caused by appellant's nonresponsive answers, it was permissible for the prosecutor to question him repeatedly until he gave an unequivocal answer. *Dove v. State*, 402 S.W.2d 913 (Tex.Cr.App.). Appellant's fourth ground of error is overruled.

▪ In his second ground of error, appellant contends the court erred in not ruling upon a pretrial pro se motion. The motion contains a request for the court to dismiss the attorney who had been appointed to represent appellant in the trial of the cause.

The record fails to reflect that the motion was called to the attention of or acted upon by the court. Appellant may not predicate error in the court's failure to rule on a motion upon his own failure to call the motion to the attention of the court. See

*Wells v. State,* 578 S.W.2d 118 (Tex.Cr. App.); *Minjares v. State,* 577 S.W.2d 222 (Tex.Cr.App.). Nothing is preserved for review.

In his third ground of error, appellant contends the prosecutor made four improper statements during the voir dire examination of prospective jurors. With regard to three of the alleged improper statements, nothing is preserved for review due to appellant's failure to object at the time the statements were made. *Howell v. State,* 563 S.W.2d 933 (Tex.Cr.App.). In the fourth instance of which appellant complains, the court sustained his objection and instructed the jury to disregard the prosecutor's statement. Appellant's failure to request any further relief following the court's action, preserves nothing for review. Appellant's third ground of error is without merit.

The judgment is affirmed.