**Richard GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00541–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 29, 1986.

Discretionary Review Granted
Feb. 25, 1987.

Gary W. Shank, Floresville, for appellant.

Howard C. Berger, Co. Atty., Floresville, for appellee.

Before CADENA, C.J., and REEVES and DIAL, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a conviction for driving while intoxicated. Appellant was found guilty in a jury trial, and punishment was assessed by the court at 12 days in jail and a fine of $500.00. Appellant raises three points of error.[1]

Garcia's first point of error complains that the trial court failed to permit the defense attorney to fully cross-examine police officer Martinez concerning the swearing to the complaint.

Officer Daniel was called as a witness by the State. On cross-examination he was asked about the circumstances surrounding the officer's signing and swearing to the

1. The first two points of error were originally written by Justice Dial. The majority adopts that part of Justice Dial's opinion as its own.

complaint. The State objected on the basis that the testimony was not relevant to any issue before the jury and that execution of the complaint was a legal question to be addressed to the court. After a conference in the court's chambers out of the hearing of the jury, the judge sustained the State's objection.

■■■ Validity and sufficiency of the complaint and information are questions of law for the trial judge. Testimony concerning the circumstances of the execution of the complaint would have no relevance to any factual issue before the jury. TEX. CODE CRIM.PROC.ANN. art. 36.13 (Vernon Supp.1985). The judge was correct in excluding such testimony from the jury. The first point of error is overruled.

■■■ The second point of error is that the conviction is void because it was based upon a complaint which was not properly sworn. All motions to set aside an information must be in writing. No motion to set aside the information on this basis is brought forward in the record. The point of error has not been preserved for review. *Nichols v. State,* 653 S.W.2d 768, 769 (Tex. Crim.App.1981).

The third point of error concerns the court's refusal to grant appellant's motion to quash the information. Garcia contends the information did not allege the manner and means by which the he became intoxicated.

In his motion, Garcia first argued:

The information is defective in that it does not set forth the manner and means of intoxication. TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(a)(2) defines 'intoxicated' as:

> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; *or*
>
> (B) having an alcohol concentration of 0.10 or more.

The information does not set forth either (A) or (B) as the manner and means of intoxication thereby not charging an offense under the penal or civil laws of Texas.

He also argued:

> The information fails to allege the manner or means by which the Defendant became intoxicated thereby not giving precise notice to Defendant of the offense charged in order to bar subsequent prosecution for the same offense.

■■■ In his brief, appellant drops the first argument but keeps the second. We agree with the second argument. The information charges the appellant drove "a motor vehicle ... while intoxicated, when the defendant did not have the normal use of his mental and physical faculties." It fails to inform Garcia whether the intoxication was caused by alcohol, a controlled substance, a drug, or any combination thereof. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(a)(2)(A). The motion was timely filed. The appellant has a constitutional right to adequate notice of the charges against him. This right is invoked upon the filing of a motion to quash that calls to the court's attention the insufficient notice. *Castillo v. State,* 689 S.W.2d 443, 447 (Tex. Crim.App.1984); *Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim.App.1986).

Garcia's third point of error is sustained. The judgment of the trial court is reversed and dismissed.

DIAL, Justice, dissenting.

I respectfully dissent.

In his written motion to quash, the defendant alleged as follows:

### I.

Defendant is charged by information executed by Howard C. Berger, County Attorney of Wilson County, Texas.

### II.

The information is defective in that it does not set forth the manner and means of intoxication. Tex.Rev.Civ.Stat. ann. art. 6701*l*–1(a)(2) defines 'intoxicated' as

'(A) not having the normal use of mental or physical faculites [sic] by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; *or* (B) having an alcohol concentration of 0.10 or more.' The information does not set forth either (A) or (B) as the manner and means of intoxication thereby not charging an offense under the penal or civil laws of Texas.

### III.

The information does not adequately and fairly inform the Defendant of the offense or offenses sought to be charged against him.

### IV.

The information fails to allege the manner or means by which the Defendant became intoxicated thereby not giving precise notice to Defendant of the offense charged in order to bar subsequent prosecution for the same offense.

An objection voiced in the trial court should be sufficiently specific to apprise the judge of the nature of the complaint. *Hackbarth v. State*, 617 S.W.2d 944, 947 (Tex.Crim.App.1981). If the objection is without specificity, it presents nothing for review. *Id.*

The only specific complaint in the motion to quash was the language, "The information does not set forth either (A) or (B) as the manner and means of intoxication thereby not charging an offense under the penal or civil laws of Texas."

In his brief filed with this Court under the third ground of error the defendant cites only subsection (A) of article 6701*l*–1(a)(2). He argues, "In the information filed in this case, the manner or means of intoxication is not set forth, i.e., the information fails to allege the substance or combination thereof that caused the alleged intoxication of appellant."

This is simply not the same error alleged in the trial court. A ground of error in an appellate brief must comport to the objec-tion voiced at trial. It is not fair to a trial judge to be faced with a "shotgun" objection below and the surgeon's knife on appeal. No error is shown. *Graham v. State*, 546 S.W.2d 605, 608 (Tex.Crim.App. 1977).

I would affirm the conviction.