# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00438-CR

**Leopoldo Sanchez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 3040628, HONORABLE JON N. WISSER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Leopoldo Sanchez of attempted sexual assault, and the trial court sentenced him to four years' imprisonment. *See* Tex. Penal Code Ann. § 15.01(a) (West 2003), § 22.011(a)(2) (West Supp. 2006). On appeal, he argues that the evidence is insufficient to support his conviction and that the trial court improperly allowed testimony that bolstered the complainant's testimony and commented on her credibility. We affirm the judgment of conviction.

### Factual Summary

Appellant is the uncle of D.S., the fifteen-year-old complainant, and lived in the same house with D.S., her parents, and her two younger siblings. D.S. testified that as part of her normal routine, she helped her brother and sister get dressed and then showered and dressed in her parents' room and the bathroom attached to their bedroom. On the morning of March 11, 2004, D.S.'s

parents left for work, and she helped her siblings get dressed before starting to get ready for school. D.S. asked her sister to close the doors between the hallway and their parents' room, and when she saw the doors were shut, she went to take a shower. Her siblings left while she was in the shower, leaving her and appellant in the house. After her shower, she realized she had left her towel on her parents' bed next to her clothes, so she walked into the room to dry off and get dressed. She noticed that the bedroom doors were open; her sister told her later that her brother had opened the doors. D.S. saw appellant walk out of his room and then stand and stare at her. D.S. ran into the bathroom, grabbed a bath mat to cover herself, and shut the doors. She dressed quickly and sat on the bed to watch television, leaving the doors shut. Appellant came into the room, and when D.S. jumped up, he pushed her onto the bed and straddled her, kneeling on her right leg with his left knee. He pinned her arms above her head with one hand and tried to unbutton her pants with the other. D.S. struggled until she was able to push appellant off her, and he fell to the floor. Appellant fled the house and drove away in his truck, and D.S. hurried out of the house, taking the city bus to school, rather than waiting for the school bus. At school, D.S. talked to a friend and then decided to call her mother to tell her about the attack. D.S., who was bruised on her thigh when appellant kneeled on her, testified that she was frightened and that she believed appellant intended to rape her.

## Sufficiency of the Evidence

In his first point of error, appellant contends that the evidence is legally and factually insufficient to support the jury's verdict.[1] He argues that although the evidence may be sufficient

---

[1] Although appellant frames his issue as a challenge to the denial of his motion for directed verdict, a legal-sufficiency point, *see Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003), he attacks and we will review both the legal and factual sufficiency of the evidence.

to show he committed an assault, it does not show he intended or attempted to commit sexual assault.

The jury, as finder of fact, is the sole judge of the weight and credibility to be given a witness's testimony and may accept or reject all or any part of a witness's testimony, draw reasonable inferences from the evidence, and resolve any evidentiary conflicts. *Barnes v. State*, 62 S.W.3d 288, 298 (Tex. App.—Austin 2001, pet. ref'd). In reviewing the legal sufficiency of the evidence, we view all the relevant evidence in the light most favorable to the jury's verdict and ask whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003). In reviewing factual sufficiency, we consider all the evidence in a neutral light and may reverse only if the supporting evidence is so weak that the verdict is clearly wrong or manifestly unjust or if the verdict is against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006).

Appellant argues that because D.S. testified that he did not undo any of the buttons on her pants, remove her shirt or any other article of her clothing, remove any of his own clothing, or touch her breasts or genitals, it is "clear from the record that Appellant did not attempt to sexually assault D.S.," although he admits he "may have" committed assault with bodily injury. When the victim is a child, the elements of the offense of sexual assault are that the assailant intentionally or knowingly penetrates the child's anus or sexual organ by any means, penetrates or contacts the child's mouth with the assailant's sexual organ or anus, or causes the child's sexual organ or anus to contact or penetrate the assailant's sexual organ, anus, or mouth. *See* Tex. Penal Code Ann. § 22.011(a)(2). A person commits attempted sexual assault if, with the specific intent

3

to commit a sexual assault, he does something "amounting to more than mere preparation that tends but fails" to accomplish the assault. *See id*. § 15.01(a). To be guilty of an attempted offense, the defendant need not have accomplished every act short of actual commission. *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex. Crim. App. 1981).

Appellant pushed open the bedroom doors, entered the room, pushed D.S. down onto the bed, pinned her arms above her head, straddled her with his legs, and began to fumble with the buttons on her jeans before she was able to push him off her and onto the ground, at which point he fled the house. The jury could reasonably have determined that appellant was attempting to remove D.S.'s pants with the intent to commit one of the acts amounting to sexual assault of a child. In other words, the jury could have decided that his acts tended, but failed, to effect the commission of an intentional sexual assault. *See id*. Although appellant remained clothed, did not grope D.S.'s breasts, and did not make a statement indicating his intent to sexually assault her, as the court of criminal appeals stated in *Hackbarth*, "The fact that appellant could have taken further actions, without actually committing the offense of rape, does not act so as to render his actions nothing more than mere preparation." *Id*. The evidence is both legally and factually sufficient to support the jury's verdict. We overrule appellant's first point of error.

### Admission of Expert Testimony

In his second point of error, appellant contends that the trial court erred when it allowed Ann Davis, a psychotherapist who worked with D.S. after the attack, to testify. He asserts that she should not have been allowed to testify at the guilt/innocence phase but instead should have been treated as a punishment-phase witness only. He argues that Davis's testimony "supplanted the

4

jury's decision" about D.S.'s truthfulness and that it is "clear from the record that the testimony of Ms. Davis influenced the jury to find Appellant guilty."

We review a trial court's decision on the admission or exclusion of evidence for an abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Expert testimony is admissible if it will assist the fact-finder. *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997). However, expert testimony "must aid—not supplant—the jury's decision," and it "does not assist the jury if it constitutes 'a direct opinion on the truthfulness' of a child complainant's allegations." *Id*. (quoting *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993)). Appellant is correct that an expert witness may not testify that she believes another witness is telling the truth or that the other witness belongs to a class of persons who are truthful. *See Yount*, 872 S.W.2d at 712; *Vasquez v. State*, 975 S.W.2d 415, 417 (Tex. App.—Austin 1998, pet. ref'd). However, expert testimony that a child has exhibited behavior empirically shown to be common in children who have been sexually abused is both relevant and admissible. *Hitt v. State*, 53 S.W.3d 697, 707 (Tex. App.—Austin 2001, pet. ref'd); *Vasquez*, 975 S.W.2d at 417.

Davis testified that she had treated victims of sexual assault and that she worked with D.S. for about five months, from shortly after the assault through August 2004. When the State asked Davis about the "presenting issue" that brought D.S. in for therapy, appellant objected, arguing that Davis should not be heard at the guilt/innocence phase and instead should be reserved as a punishment-phase witness. The State responded that it intended to ask Davis whether in her experience and training, D.S.'s experiences "were consistent with those that are experienced by victims of sexual assault." Appellant replied, "[I]f that's the purpose, that's the ultimate question at issue which the jury is going to have to decide, not this lady." The jury was excused to allow the

trial court to fully consider the arguments, and appellant stated, "I believe that Ms. Davis . . . doesn't have any personal knowledge of the events in this case, whether or not an offense was committed. Simply her knowledge is of the healing of the person who has been traumatized by some event." The State asserted that Davis should be able to testify about whether child victims of sexual assault sometimes delay their reporting of the crimes. Appellant noted that there was no delay in this case, and the State responded, "Well, you know, we hear crazy things from juries all the time. 'Why didn't she call 9-1-1 immediately? Why didn't she go to her neighbor and call 9-1-1?' . . . I have to anticipate all those kind of issues . . . ." After considerable discussion, the court overruled the objection, but ruled that the State could only ask Davis hypothetical questions about how people react to traumatic events and could not ask her anything about what she was told by D.S.

Before the jury, Davis testified that she took D.S.'s history and diagnosed her as suffering from post-traumatic stress disorder. She testified in general about how teenagers deal with trauma, saying they tend to worry about how their families will be affected, can feel more guilt and shame, and have fewer "coping mechanisms" than adults. The State asked Davis about behaviors and reactions of "victims of trauma and particularly sexual types of trauma," at times asking about likely reactions by a teenaged female who is the victim of sexual assault by a family member. Other than the early question about D.S.'s "presenting issue," to which the trial court sustained appellant's objection, and Davis's testimony that she diagnosed D.S. as suffering from post-traumatic stress disorder, Davis did not testify about D.S. in particular, about what D.S. told her about the assault, or about whether she believed or disbelieved D.S.'s allegations.

Initially, we address the State's contention that appellant did not preserve this issue for our review. The State argues that because appellant did not seek a running objection to Davis's testimony, he has waived his complaint. It might be wiser to seek a running objection during an

extensive line of objectionable questioning. *See Ethington v. State*, 819 S.W.2d 854, 859-60 (Tex. Crim. App. 1991) (objection to "continuing" testimony waived when defense counsel objected to first question but did not ask for running objection or "hearing out of the jury's presence so he would not have to constantly object"). However, appellant, the State, and the trial court discussed the admissibility of Davis's testimony at length outside the jury's presence. We will consider this complaint related to Davis's testimony, which was brought to the attention of and considered by the trial court. *See* Tex. R. App. P. 33.1(a).

Appellant does not contest Davis's qualifications to testify as an expert about behaviors commonly seen in victims of sexual assault. Davis was not asked directly whether D.S. exhibited behaviors similar to those exhibited by victims of sexual abuse, nor was she asked whether she believed D.S. or whether D.S. appeared to be truthful. She was asked to describe in general, hypothetical terms behaviors that might be exhibited by a child who had been subjected to trauma, including sexual assault by a family member. The fact that the jury could draw a comparison between Davis's hypothetical child and D.S. does not mean that Davis's testimony amounted to a direct comment on D.S.'s credibility. Davis's testimony about "anxiety behaviors" similar to D.S.'s behavior was "circumstantial evidence that *something* traumatic happened" to her, but the fact that "this evidence in some small measure corroborates" D.S.'s testimony "does not make it any less relevant—in fact, quite the opposite. Of course, like all corroborating evidence, because it is consistent with [D.S.]'s story, it also has a tendency to make [her] testimony more plausible. But we should not for that reason exclude it." *See Cohn v. State*, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993) (consider objection to doctor's testimony under rule 403 of rules of evidence). We overrule appellant's second point of error.

**Improper Bolstering**

In his third and final point of error, appellant attacks the trial court's decision to allow Austin Police Officer James Guice to testify about his interview with D.S., contending that this testimony amounted to improper bolstering of D.S.'s unimpeached testimony.

Officer Guice testified that he responded to a report from D.S.'s school that a child and her mother needed to speak to the police and described D.S.'s demeanor and behavior. When he was asked what D.S. told him had happened to her, appellant objected that Guice's testimony was not admissible under the excited-utterance exception to the hearsay rule and was improper bolstering. The trial court said, "The problem is if I think it's outweighed by the unfair prejudice, and I think if it's fair prejudice—we'll overrule the objection." Guice then testified about D.S.'s description of the assault, giving a short summary that matched D.S.'s testimony about the attack. He concluded his testimony by describing his efforts to get information about appellant and stating that he reported the allegations to Child Protective Services and to a child-abuse officer and called for a counselor to come speak to D.S. and her mother.

Viewing the evidence in its entirety, we do not believe the trial court abused its discretion and acted outside the zone of reasonable disagreement in overruling appellant's bolstering objection.[2] *See Weatherred*, 15 S.W.3d at 542. However, even if we assume it was error to allow Guice to testify about D.S.'s description of the assault, we must disregard such an error unless it affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) ("Erroneous evidentiary rulings rarely rise to the level of denying the

---

[2] We note that whether bolstering is still a proper ground for objection has been called into question. *See Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring) ("I write separately to express my belief that a 'bolstering' objection is no longer adequate to preserve error for review concerning the admission of evidence because no such ground survived the Texas Rules of Criminal Evidence."); *Montoya v. State*, 43 S.W.3d 568, 573 n.2 (Tex. App.—Waco 2001, no pet.).

fundamental constitutional rights to present a meaningful defense."). We agree with the State's characterization of the complained-of testimony as a "quick synopsis" of D.S.'s report that did not comment on D.S.'s credibility. When the record is viewed as a whole, we conclude that the challenged testimony, even if admitted in error, did not harm appellant's substantial rights. *See Barnes v. State*, 165 S.W.3d 75, 84 (Tex. App.—Austin 2005, no pet.) ("Given the brevity of the complained-of testimony, appellant's own testimony, and the lack of any emphasis on this subject during argument, we conclude that the admission of the challenged testimony, if error, did not harm a substantial right."). We overrule appellant's third and final point of error.

### Conclusion

Having overruled appellant's three points of error, we affirm the trial court's judgment of conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed

Filed: July 19, 2007

Do Not Publish