COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROMAN LEE WALKER, | § | No. 08-10-00317-CR |
| Appellant, | § | Appeal from the |
| v. | § | 226th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC#2008CR11690) |

**O P I N I O N**

A jury convicted Roman Lee Walker, Appellant, of aggravated assault with a deadly weapon and attempted aggravated sexual assault. He was sentenced to two concurrent twenty-year periods of confinement. In two issues, Appellant challenges the legal sufficiency of the evidence to support his conviction for attempted aggravated sexual assault. We affirm.

**BACKGROUND**

The evidence at trial showed that on April 11, 1998, Joan Campion was working at Paesano's restaurant. After speaking briefly with her manager, Jerhald Harrington, Campion proceeded to the restroom area. When Campion exited the ladies' restroom, Appellant was at the payphone in the corridor, holding the receiver, and looking at the ladies' restroom door. Appellant hung up the receiver and turned toward Campion and stared at her. Campion looked at Appellant as she walked down the corridor. Appellant then asked very loudly, "Where the F[---] do you think you're going?," tackled Campion, and dragged her into the men's restroom. Appellant covered Campion's mouth and nose while holding her in a headlock as Campion attempted to scream and fought Appellant by kicking and biting him. When Appellant loosened

the choke hold and allowed Campion to breathe, she screamed as loudly as she could. Appellant repeatedly told Campion to "Shut the F[---] up," as she continued fighting against him, and slammed Campion's head and face into a concrete wall no less than three times, leaving her bloodied and unable to balance herself. Grabbing Campion by the throat, Appellant pushed her against the concrete wall and asked if she had had enough. Campion was able to see that the same person speaking to her was the same person she had seen in the corridor but was unable to answer him. Appellant turned her around with her back to his chest and believed he hit her as she felt a very sharp pain in her lower back. Campion felt Appellant's hand slide down between her legs while holding her throat with his other hand and saying, "I think you need to be F[-----]." Appellant began aggressively touching Campion's genitals over her clothing and, while keeping one hand to her throat, attempted to drag Campion backwards into a stall toward the back of the men's restroom. Campion believed that if Appellant took her into a stall, he could keep her in there all night and rape her, as the stalls were made of concrete walls from floor to ceiling with a solid door that shut completely. Campion used all her strength to grab the frame of the door to prevent Appellant from taking her into the stall and shutting the door. She last remembered reaching out to grab onto something and remembered her hands sliding along the concrete walls. Campion was unable to grab onto anything because her hands were covered in blood, which was everywhere. Campion lost consciousness.

Campion's next memory consisted of being curled up behind a toilet, with a waiter trying to wake her up. Campion suffered damage to the top of her head and required stitches on the left side of her forehead, left eye, and within the left side of her mouth where she had bitten off a piece of her inner cheek during the assault. Approximately one week after being released from the hospital, the swelling on the left side of Campion's face subsided sufficiently for her to open her

2

left eye only to realize that she could not see out of it. Campion's ophthalmologist, Dr. Kristen Story Held, readmitted her to the hospital. Dr. Held testified that it was evident that Campion had suffered severe head trauma as there was evidence of retinal hemorrhages around the optic nerve, indicating that the severe force to her eye had nearly pulled the optic nerve from the back of the eye. Campion not only lost approximately 75 percent of her visual field, she also lost her ability to see color and suffered a loss of depth perception. Although Campion eventually regained her depth perception after four months, Dr. Held testified that the loss of vision was sufficient to render Campion legally blind. Dr. Held explained that Campion "had permanent severe loss of vision after her injury of being thrown against the concrete wall, on the left side of her head, with great force." Campion's remaining visual impairments are permanent and limit her abilities to drive and focus. Campion also suffered and was treated for injuries to and pain in her neck and upper back. Campion identified Appellant as the person who assaulted her, both in a photo line-up and at trial.

## DISCUSSION

In Issue One, Appellant contends that the evidence is legally insufficient to support his conviction of attempted aggravated sexual assault because the State failed to show that Appellant caused Campion serious bodily injury with the requisite specific intent to penetrate "her female sexual organ." Appellant also contends that the evidence did not tend to show that he attempted to penetrate Campion's genitals when he touched her and suggests that acts such as kissing or fondling Campion would have provided a strong indication that he actually intended to commit a sexual assault rather than a physically-injurious assault.

In Issue Two, Appellant challenges the legal sufficiency of the evidence to support his conviction of attempted aggravated sexual assault asserting that the State failed to prove beyond a

3

reasonable doubt that he committed an act that amounted to more than mere preparation but failed to effect the commission of the offense. Appellant specifically contends that the State was required to prove that he attempted to penetrate Campion and that the evidence does not show that Appellant attempted to do anything more than he actually did. We disagree with Appellant's analyses.

*Standard of Review*

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007). Such a standard not only gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony and to weigh the evidence accordingly, but it also enables the fact finder to draw reasonable inferences from basic to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. Indeed, the trier of fact is the sole judge of the weight and credibility of the evidence, *see Brown v. State*, 270 S.W.3d 564, 568 (Tex.Crim.App. 2008), *cert. denied*, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009), and therefore we, in performing our sufficiency review, may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). Instead, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex.Crim.App. 2007). Moreover, we presume that the fact finder resolved any conflicting

4

inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Count II of the indictment charged Appellant with attempted aggravated sexual assault and alleged:

> [O]n or about the 11th Day of April, 1998, ROMAN WALKER, hereinafter referred to as defendant, with specific intent to commit AGGRAVATED SEXUAL ASSAULT of JOAN CAMPION, hereinafter referred to as complainant, did an act, to-wit: TOUCH THE COMPLAINANT'S GENITALS, FORCE THE COMPLAINANT INTO A RESTROOM STALL, AND STRIKE THE COMPLAINANT'S HEAD AGAINST A WALL, which amounted to more than mere preparation that tended to but failed to effect the commission of the offense of AGGRAVATED SEXUAL ASSAULT.

Thus, to prove Appellant committed attempted aggravated sexual assault, the State was required to show that Appellant, with specific intent to commit aggravated sexual assault, performed an act that amounted to more than mere preparation that tended, but failed, to effect the commission of the offense. TEX. PENAL CODE ANN. §§ 15.01(b), 22.021 (West 2011).

*Specific Intent*

When a person commits an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt. TEX. PENAL CODE ANN. § 15.01(b). A person acts intentionally, or with intent with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in conduct or cause the result. TEX. PENAL CODE ANN. § 6.03(a)(West 2011).

Proof of a culpable mental state generally relies upon circumstantial evidence. *Rodriguez v. State*, 793 S.W.2d 744, 748 (Tex.App. – San Antonio 1990, no pet.). Circumstantial evidence of an accused's mental state is not treated differently than circumstantial evidence of other

5

elements and is reviewed under the same standard as direct evidence. *Laster v. State*, 275 S.W.3d 512, 521 (Tex.Crim.App. 2009). Moreover, intent can be inferred from an accused's actions, words, and conduct. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004); *Maldonado v. State*, 998 S.W.2d 239, 243 (Tex.Crim.App. 1999); *Gallegos v. State*, 340 S.W.3d 797, 802 (Tex.App. – San Antonio 2011, no pet.). An accused's intent is a question of fact to be determined by the fact finder from all the facts and circumstances in evidence. *Hemphill v. State*, 505, S.W.2d 560, 562 (Tex.Crim.App. 1974).

The evidence at trial showed that Appellant brutally and physically attacked Campion, fondled her genitals through her clothing, and told her that he thought she needed "to be F[----]d." Viewing the evidence in the light most favorable to the prosecution, we find the fact finder's necessary inferences to be reasonable and conclude that any rational fact finder could have found the essential specific-intent element beyond a reasonable doubt. *Hooper*, 214 S.W.3d at 16-17; *Guevara*, 152 S.W.3d at 49; *Maldonado*, 998 S.W.2d at 243; *Gallegos*, 340 S.W.3d at 802; *see Lindsey v. State*, 764 S.W.2d 376, 379 (Tex.App. – Texarkana 1989, no pet.)(defendant's acts of physically attacking complainant, fondling her through her clothes, and other acts - including his statements - were consistent with a specific intent to commit sexual assault). Issue One is overruled.

### *An Act Amounting to More Than Mere Preparation*

Appellant next complains that because no evidence was presented to show that he sexually penetrated or intended to sexually penetrate Campion in a manner set out in the sexual assault statute, the State failed to prove that he performed an act that amounted to more than mere

preparation that tended, but failed, to effect the commission of the offense.[1] TEX. PENAL CODE ANN. §§ 15.01(b), 22.021(a)(1)(2). The criminal attempt statute does not require that every act short of actual commission of the offense be accomplished in order to convict an accused of an attempted offense. *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex.Crim.App. 1981). The fact that an accused could have taken further actions, without actually committing the offense of sexual assault, does not "render his actions nothing more than mere preparation." *Id*. (evidence of defendant's acts, which did not include attempted penetration, showed that the acts tended but failed to effect the commission of sexual assault and was sufficient to support conviction for attempted sexual assault).

Again, the evidence at trial showed that Appellant had been watching the ladies' restroom door, hung up a telephone receiver upon seeing Campion exit the ladies' restroom, physically attacked Campion, attempted to silence her multiple times, dragged her into the men's restroom, beat her head repeatedly against concrete walls, placed her back to the front of his body, held his hand against her throat as he slid his hand between Campion's legs and fondled her genitals over her clothing, pronounced that he thought she needed "to be F[----]d," and proceeded to drag her into a concrete stall which could be completely enclosed, wall-to-ceiling, with the door closed. Campion testified that she fought for her life and used all her strength to grab the stall's door frame so that Appellant would not be able to close her in.

---

[1] A person commits sexual assault if he intentionally or knowingly: (1) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; or (2) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or (3) causes the sexual organ of another person without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. TEX. PENAL CODE ANN. § 22.011(a)(1)(West 2011). A sexual assault is without the consent of the other person if the actor compels the other person to submit or participate by the use of physical force or violence or if the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat. *See* TEX. PENAL CODE ANN. § 22.011(b)(1)-(2).

Contrary to Appellant's assertion, an act of attempted penetration is not required to establish that Appellant's acts amounted to more than mere preparation that tended, but failed, to effect the commission of the intended offense. *Hackbarth*, 617 S.W.2d at 946. Viewing all of the evidence in the light most favorable to the prosecution, we find the State presented ample evidence to show that Appellant's acts constituted more than mere preparation that tended, but failed, to effect the commission of the offense intended, and we conclude that any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. TEX. PENAL CODE ANN. §15.01(a)(West 2011); *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 895; *Clayton*, 235 S.W.3d at 778; *Lindsey*, 764 S.W.2d at 379 (holding that two physical attacks, coupled with an over-the-clothes touching of the complainant's vaginal area, telling complainant that he was going to rape her, and putting her in fear of her life were acts amounting to more than mere preparation and constituted sufficient evidence to convict defendant of attempted sexual assault). Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

January 11, 2012                                    GUADALUPE RIVERA, Justice

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

8