COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
 ROMAN LEE WALKER,
  
                            
 Appellant,
  
 v.
  
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-10-00317-CR
  
 Appeal from the
  
 226th
 District Court 
  
 of
 Bexar County, Texas 
  
 (TC#2008CR11690) 
  
 
 


 

                                                                  O
P I N I O N

A jury convicted Roman Lee Walker,
Appellant, of aggravated assault with a deadly weapon and attempted aggravated sexual
assault.  He was sentenced to two concurrent
twenty-year periods of confinement.  In
two issues, Appellant challenges the legal sufficiency of the evidence to
support his conviction for attempted aggravated sexual assault.  We affirm.

                                                               BACKGROUND








The evidence at trial showed that on April
11, 1998, Joan Campion was working at Paesano’s restaurant.  After speaking briefly with her manager, Jerhald
Harrington, Campion proceeded to the restroom area.  When Campion exited the ladies’ restroom,
Appellant was at the payphone in the corridor, holding the receiver, and
looking at the ladies’ restroom door.  Appellant
hung up the receiver and turned toward Campion and stared at her.  Campion looked at Appellant as she walked
down the corridor.  Appellant then asked
very loudly, “Where the F[---] do you think you’re going?,” tackled Campion,
and dragged her into the men’s restroom. 
Appellant covered Campion’s mouth and nose while holding her in a
headlock as Campion attempted to scream and fought Appellant by kicking and
biting him.  When Appellant loosened the
choke hold and allowed Campion to breathe, she screamed as loudly as she could.  Appellant repeatedly told Campion to “Shut
the F[---] up,” as she continued fighting against him, and slammed Campion’s
head and face into a concrete wall no less than three times, leaving her
bloodied and unable to balance herself.  Grabbing
Campion by the throat, Appellant pushed her against the concrete wall and asked
if she had had enough.  Campion was able
to see that the same person speaking to her was the same person she had seen in
the corridor but was unable to answer him. 
Appellant turned her around with her back to his chest and believed he
hit her as she felt a very sharp pain in her lower back.  Campion felt Appellant’s hand slide down
between her legs while holding her throat with his other hand and saying, “I
think you need to be F[-----].”  Appellant
began aggressively touching Campion’s genitals over her clothing and, while
keeping one hand to her throat, attempted to drag Campion backwards into a
stall toward the back of the men’s restroom. 
Campion believed that if Appellant took her into a stall, he could keep her
in there all night and rape her, as the stalls were made of concrete walls from
floor to ceiling with a solid door that shut completely.  Campion used all her strength to grab the
frame of the door to prevent Appellant from taking her into the stall and
shutting the door.  She last remembered
reaching out to grab onto something and remembered her hands sliding along the
concrete walls.  Campion was unable to
grab onto anything because her hands were covered in blood, which was
everywhere.  Campion lost consciousness.

Campion’s next memory consisted of being
curled up behind a toilet, with a waiter trying to wake her up.  Campion suffered damage to the top of her
head and required stitches on the left side of her forehead, left eye, and within
the left side of her mouth where she had bitten off a piece of her inner cheek
during the assault.  Approximately one
week after being released from the hospital, the swelling on the left side of
Campion’s face subsided sufficiently for her to open her left eye only to realize
that she could not see out of it.  Campion’s
ophthalmologist, Dr. Kristen Story Held, readmitted her to the hospital.  Dr. Held testified that it was evident that
Campion had suffered severe head trauma as there was evidence of retinal
hemorrhages around the optic nerve, indicating that the severe force to her eye
had nearly pulled the optic nerve from the back of the eye.  Campion not only lost approximately 75
percent of her visual field, she also lost her ability to see color and
suffered a loss of depth perception.  Although
Campion eventually regained her depth perception after four months, Dr. Held
testified that the loss of vision was sufficient to render Campion legally
blind.  Dr. Held explained that Campion
“had permanent severe loss of vision after her injury of being thrown against
the concrete wall, on the left side of her head, with great force.”  Campion’s remaining visual impairments are
permanent and limit her abilities to drive and focus.  Campion also suffered and was treated for
injuries to and pain in her neck and upper back.  Campion identified Appellant as the person
who assaulted her, both in a photo line-up and at trial.

DISCUSSION

In Issue One, Appellant contends that the evidence
is legally insufficient to support his conviction of attempted aggravated
sexual assault because the State failed to show that Appellant caused Campion
serious bodily injury with the requisite specific intent to penetrate “her
female sexual organ.”  Appellant also
contends that the evidence did not tend to show that he attempted to penetrate
Campion’s genitals when he touched her and suggests that acts such as kissing
or fondling Campion would have provided a strong indication that he actually
intended to commit a sexual assault rather than a physically-injurious assault.

In Issue Two, Appellant challenges the legal
sufficiency of the evidence to support his conviction of attempted aggravated
sexual assault asserting that the State failed to prove beyond a reasonable
doubt that he committed an act that amounted to more than mere preparation but
failed to effect the commission of the offense. 
Appellant specifically contends that the State was required to prove
that he attempted to penetrate Campion and that the evidence does not show that
Appellant attempted to do anything more than he actually did.  We disagree with Appellant’s analyses.

Standard of Review 

In reviewing the sufficiency of the evidence
to support a conviction, we view all of the evidence in the light most
favorable to the prosecution to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State,
323 S.W.3d 893, 895 (Tex.Crim.App. 2010); Clayton v. State, 235 S.W.3d
772, 778 (Tex.Crim.App. 2007).  Such a
standard not only gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony and to weigh the evidence accordingly, but
it also enables the fact finder to draw reasonable inferences from basic to
ultimate facts.  Jackson, 443 U.S.
at 319; Clayton, 235 S.W.3d at 778. 
Indeed, the trier of fact is the sole judge of the weight and
credibility of the evidence, see Brown v. State, 270 S.W.3d 564, 568 (Tex.Crim.App.
2008), cert. denied, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009), and
therefore we, in performing our sufficiency review, may not re-evaluate the
weight and credibility of the evidence and substitute our judgment for that of
the fact finder.  Dewberry v. State,
4 S.W.3d 735, 740 (Tex.Crim.App. 1999), cert. denied, 529 U.S. 1131, 120
S.Ct. 2008, 146 L.Ed.2d 958 (2000). 
Instead, we determine whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict. 
Hooper v. State, 214 S.W.3d 9, 16‑17 (Tex.Crim.App.
2007).  Moreover, we presume that the fact
finder resolved any conflicting inferences in favor of the verdict and defer to
that resolution.  Jackson, 443
U.S. at 326; Clayton, 235 S.W.3d at 778.

Count II of the
indictment charged Appellant with attempted aggravated sexual assault and
alleged:

[O]n or about the 11th Day
of April, 1998, ROMAN WALKER, hereinafter referred to as defendant, with
specific intent to commit AGGRAVATED SEXUAL ASSAULT of JOAN CAMPION,
hereinafter referred to as complainant, did an act, to-wit: TOUCH THE
COMPLAINANT’S GENITALS, FORCE THE COMPLAINANT INTO A RESTROOM STALL, AND STRIKE
THE COMPLAINANT’S HEAD AGAINST A WALL, which amounted to more than mere
preparation that tended to but failed to effect the commission of the offense
of AGGRAVATED SEXUAL ASSAULT.

 

Thus, to prove Appellant committed attempted aggravated
sexual assault, the State was required to show that Appellant, with specific
intent to commit aggravated sexual assault, performed an act that amounted to
more than mere preparation that tended, but failed, to effect the commission of
the offense.  Tex. Penal Code Ann. §§ 15.01(b), 22.021 (West 2011).

Specific Intent

When a person commits an offense that may be
aggravated, his conduct constitutes an attempt to commit the aggravated offense
if an element that aggravates the offense accompanies the attempt.  Tex.
Penal Code Ann. § 15.01(b).  A
person acts intentionally, or with intent with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or
desire to engage in conduct or cause the result.  Tex.
Penal Code Ann. § 6.03(a)(West 2011).

Proof of a culpable mental state generally
relies upon circumstantial evidence.  Rodriguez v. State, 793 S.W.2d 744, 748
(Tex.App. – San Antonio 1990, no pet.).  Circumstantial
evidence of an accused’s mental state is not treated differently than
circumstantial evidence of other elements and is reviewed under the same
standard as direct evidence.  Laster v. State, 275 S.W.3d 512, 521
(Tex.Crim.App. 2009).  Moreover, intent
can be inferred from an accused’s actions, words, and conduct.  Guevara
v. State, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004); Maldonado v. State, 998 S.W.2d 239, 243 (Tex.Crim.App. 1999); Gallegos v. State, 340 S.W.3d 797, 802 (Tex.App. – San Antonio 2011, no
pet.).  An accused’s intent is a question
of fact to be determined by the fact finder from all the facts and
circumstances in evidence.  Hemphill v. State, 505, S.W.2d 560, 562
(Tex.Crim.App. 1974).

            The evidence
at trial showed that Appellant brutally and physically attacked Campion,
fondled her genitals through her clothing, and told her that he thought she
needed “to be F[----]d.”  Viewing the
evidence in the light most favorable to the prosecution, we find the fact
finder’s necessary inferences to be reasonable and conclude that any rational
fact finder could have found the essential specific-intent element beyond a
reasonable doubt.  Hooper, 214
S.W.3d at 16‑17; Guevara, 152
S.W.3d at 49; Maldonado, 998 S.W.2d at
243; Gallegos, 340 S.W.3d at 802; see Lindsey v. State, 764 S.W.2d 376, 379 (Tex.App. – Texarkana
1989, no pet.)(defendant’s acts of physically attacking complainant, fondling
her through her clothes, and other acts - including his statements - were
consistent with a specific intent to commit sexual assault).  Issue One is overruled.

An Act Amounting to More Than Mere
Preparation

            Appellant next
complains that because no evidence was presented to show that he sexually
penetrated or intended to sexually penetrate Campion in a manner set out in the
sexual assault statute, the State failed to prove that he performed an act that
amounted to more than mere preparation that tended, but failed, to effect the
commission of the offense.[1]  Tex.
Penal Code Ann. §§ 15.01(b), 22.021(a)(1)(2).  The criminal attempt statute does not require
that every act short of actual commission of the offense be accomplished in
order to convict an accused of an attempted offense.  Hackbarth
v. State, 617 S.W.2d 944, 946 (Tex.Crim.App. 1981).  The fact that an accused could have taken
further actions, without actually committing the offense of sexual assault,
does not “render his actions nothing more than mere preparation.”  Id.
(evidence of defendant’s acts, which did not include attempted penetration,
showed that the acts tended but failed to effect the commission of sexual
assault and was sufficient to support conviction for attempted sexual assault).

Again, the evidence at trial showed that
Appellant had been watching the ladies’ restroom door, hung up a telephone
receiver upon seeing Campion exit the ladies’ restroom, physically attacked
Campion, attempted to silence her multiple times, dragged her into the men’s
restroom, beat her head repeatedly against concrete walls, placed her back to
the front of his body, held his hand against her throat as he slid his hand
between Campion’s legs and fondled her genitals over her clothing, pronounced
that he thought she needed “to be F[----]d,” and proceeded to drag her into a
concrete stall which could be completely enclosed, wall-to-ceiling, with the
door closed.  Campion testified that she
fought for her life and used all her strength to grab the stall’s door frame so
that Appellant would not be able to close her in.

Contrary to Appellant’s assertion, an act of
attempted penetration is not required to establish that Appellant’s acts amounted
to more than mere preparation that tended, but failed, to effect the commission
of the intended offense.  Hackbarth, 617 S.W.2d at 946.  Viewing all of the evidence in the light most
favorable to the prosecution, we find the State presented ample evidence to
show that Appellant’s acts constituted more than mere preparation that tended,
but failed, to effect the commission of the offense intended, and we conclude
that any rational fact finder could have found the essential elements of the
crime beyond a reasonable doubt.  Tex. Penal Code Ann. §15.01(a)(West 2011);
Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 895; Clayton,
235 S.W.3d at 778; Lindsey, 764
S.W.2d at 379 (holding that two physical attacks, coupled with an
over-the-clothes touching of the complainant’s vaginal area, telling
complainant that he was going to rape her, and putting her in fear of her life were
acts amounting to more than mere preparation and constituted sufficient
evidence to convict defendant of attempted sexual assault).  Issue Two is overruled.

CONCLUSION

The trial court’s judgment is affirmed.

 

January 11, 2012                                             GUADALUPE
RIVERA, Justice

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]  A person commits sexual assault if he intentionally or knowingly:  (1) causes the penetration of the anus or
sexual organ of another person by any means, without that person’s consent; or
(2) causes the penetration of the mouth of another person by the sexual organ
of the actor, without that person’s consent; or (3) causes the sexual organ of
another person without that person’s consent, to contact or penetrate the
mouth, anus, or sexual organ of another person, including the actor.  Tex.
Penal Code Ann. § 22.011(a)(1)(West 2011).  A sexual assault is without the consent of
the other person if the actor compels the other person to submit or participate
by the use of physical force or violence or if the actor compels the other
person to submit or participate by threatening to use force or violence against
the other person, and the other person believes that the actor has the present
ability to execute the threat.  See Tex.
Penal Code Ann. § 22.011(b)(1)-(2).